DORIS MATÍAS, REYES, ELVIRA and PILAR RODRÍGUEZ, ETC., Plaintiffs and Appellee the first, *v.* PEDRO RODRÍGUEZ CAMPOS, Defendant and Appellant.

No. 11638. Argued March 1, 1956.—Decided March 14, 1956.

*Guillermo Pierluisi* for appellant. *Manuel Torres Reyes* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Minors Doris Matías, Reyes Rodríguez, Elvira Rodríguez, and Pilar Rodríguez, represented by their mother with

*patria potestas*, Evarista Matías García, brought an action for support and filiation against Pedro Rodríguez Campos. Of these four plaintiff minors, the last three are the acknowledged children of defendant Pedro Rodríguez Campos, but not the first one, Doris Matías, who brought the action for filiation for the sole purpose of bearing her father's surname. By stipulation of the parties, the lower court rendered judgment ordering the defendant to pay to his acknowledged children the sum of $8.50 a week. As to the other minor, the case went to trial and the lower court held (1) that the said minor was the daughter of the defendant, (2) that the defendant was living in concubinage with the mother of plaintiff minor during the latter's conception, and (3) that after minor Doris Matías was born the defendant treated and considered her as his own daughter. Consequently, the court rendered judgment declaring that plaintiff minor was the acknowledged natural daughter of the defendant, with the sole right to bear his surname,[1] and also ordering him to pay her an allowance for support. Feeling aggrieved, the defendant appealed charging the lower court with the commission of the following:

"Only Error: That the evidence is insufficient to establish the paternity of minor Doris Matías, and that the lower court erred in rendering judgment declaring the defendant to be the father of the minor."

██ There is sufficient evidence in the record to establish the fact of paternity which the lower court found proved. According to that evidence, plaintiff minor was born on June 25, 1953. Defendant Pedro Rodríguez Campos maintained relations with Evarista Matías García from April 15, 1946 until 1953, in the house of her parents situated in Barrio Guayabal of Toa Baja. As a result of those relations, she bore four children named Pilar, Elvira, Reyes,

---

[1] The defendant was legally married to another woman at the time plaintiff minor was conceived and born.

and Doris, the first three of which were acknowledged by Rodríguez Campos. The relations between the defendant and Evarista ceased when she was carrying Doris, although he always visited the house of Evarista to see the other children. After Doris was born the defendant used to take her out and treated her just like his other children. In a conversation between Evarista and the defendant, the latter offered to acknowledge minor Doris Matías as his daughter.

Appellant actually confines himself to attacking the weighing of the evidence by the trial judge. His contention is that the testimony of plaintiff's mother is contradictory and at the same time improbable as respects the minor's paternity. It is true that there are contradictions in the testimony and that the witness mixed up the dates. Yet, her testimony, as well as that of her sister, establishes with sufficient certainty the fact that the mother never had sexual relations with any man other than the defendant, and that at the time of cessation of the relations between them plaintiff's mother was already pregnant. The contradictions and confusion in the dates are rather due to the fact that plaintiff's mother is illiterate and never went to school. This, however, does not imply that her testimony was not worthy of credit.

However, relying evidently on Act No. 229 of May 12, 1942 (Sess. Laws, p. 1296), as amended by Act No. 243 of May 12, 1945 (Sess. Laws, p. 814), the judgment appealed from adjudges the plaintiff minor to be the daughter of appellant for the sole purpose of bearing her father's surname. Still, the limitation of the purpose of the acknowledgment to the right to bear the parents' surname contained in that act covers only the children born prior to its effective date and, as already seen, plaintiff was born on June 25, 1953, when the Constitution of the Commonwealth of Puerto Rico and Act No. 17 of August 20, 1952 (Spec. Sess. Laws, p. 200) were already in force.

According to the Bill of Rights, Art. II, § 1, of our Constitution, no discrimination shall be made on account of birth. Act No. 17 *supra* provides:

"All children have, with respect of their parents and to the estate left by the latter, the same rights that correspond to legitimate children."

In view of these legal provisions, the judgment which declares the plaintiff minor to be the daughter of the defendant cannot curtail the rights vested in her by law by virtue of such declaration. Any limitation of those rights is invalid, since such rights emerge from her condition as daughter and are an integral part of the judgment.[2] It is our duty, therefore, to modify the judgment appealed from in order to conform it to law.

Consequently, the judgment will be modified, eliminating therefrom the pronouncement limiting the scope of the rights corresponding to plaintiff as daughter of appellant, and, as thus modified, it will be affirmed.

---

[2] *Cf. Padilla* v. *Vidal*, 71 P.R.R. 483, 492.